UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATOYA SAXTON,

        Plaintiff,                      Case No. 2:23-cv-12220

v.                                         Honorable Susan K. DeClercq
                                                  United States District Judge

DOLLAR TREE STORES, INC.,

        Defendant.
_____/

**ORDER DENYING MOTIONS WITHOUT PREJUDICE AND STAYING CASE UNTIL RESOLUTION OF PENDING STATE CASES**

This matter comes before this Court on Defendant Dollar Tree's motions either to dismiss Plaintiff Latoya Saxton's Complaint or to stay the proceedings and to compel arbitration under the Federal Arbitration Act.

As explained below, the case will be stayed pending resolution of cases before the Michigan Supreme Court.

### I. BACKGROUND

Plaintiff, an African-American woman over the age of 40, alleges various claims against Defendant, her former employer. These claims include racial discrimination, retaliation, hostile work environment, and failure to accommodate disabilities, among others, under both federal and state laws, including Title VII of the Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act

(ELCRA). ECF No. 1. Plaintiff alleges she was overlooked for promotions and ultimately terminated because of her race, age, and complaints of discrimination.

Defendant has moved to dismiss the complaint, citing an arbitration agreement purportedly signed by the Plaintiff that mandates the arbitration of employment-related disputes. ECF No. 13. Plaintiff responds that certain cases pending before the Michigan Supreme Court may impact the enforceability of such agreements. ECF No. 15.

## II. ANALYSIS

As a threshold matter, Defendant's motions are denied without prejudice for impermissibly being in the same brief. *See* E.D. Mich. LR 7.1(d)(1)(A).

And this Court will exercise its "broad discretion to stay proceedings as an incident to its power to control its own docket." *Novak v. Federspiel*, 646 F. Supp. 3d 878, 896 (E.D. Mich. 2022) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The validity of the provision requiring arbitration of Plaintiff's Michigan civil-rights claims depends on the outcome of *Rayford v. American House Roseville I, LLC*, No. 163989 (Mich.), and *Saidizand v. GoJet Airlines, LLC*, No. 163664 (Mich.), both pending before the Michigan Supreme Court. These cases concern similar issues of waiver and arbitration of Michigan civil-rights claims in employment agreements purporting to be governed by the Federal Arbitration Act, and their outcomes will likely impact the resolution of this case. Accordingly, the relevant factors warrant a

stay until the resolution of *Rayford* and *Saidizand*. *See Little v. City of Saginaw*, 678 F.Supp.3d 936, 939 (E.D. Mich. June 22, 2023) ("[T]his Court must consider the likelihood of success, the likelihood of irreparable harm to the moving party, any harm to others, and the public interest." (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991))). So the case will be stayed until then.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss or to Compel Arbitration, ECF No. 5, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Defendant is **GRANTED** leave to file a second motion to dismiss **on or before 30 days after the Michigan Supreme Court issues its opinions** in *Rayford v. American House Roseville I, LLC*, No. 163989 (Mich.), and *Saidizand v. GoJet Airlines, LLC*, No. 163664 (Mich.), allowing for the application of new precedent.

Further it is **ORDERED** that the case is **STAYED** until the Michigan Supreme Court resolves *Rayford v. American House Roseville I, LLC*, No. 163989 (Mich.), and *Saidizand v. GoJet Airlines, LLC*, No. 163664 (Mich.).

**This order does not close the above-captioned case**.

> */s/Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: 07/26/2024